**ZEP MANUFACTURING CO., Relator,**

v.

**The Honorable Marsha ANTHONY, Judge of the 334th District Court, Harris County, Texas, Respondent.**

No. 01–88–00334–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 9, 1988.

Rehearing Denied July 14, 1988.

Paul E. Stallings, Knox D. Nunnally, Marie R. Yeates, Keith A. Ketterling, Vinson & Elkins, Houston, for relator.

Michael L. Atkinson, Atkinson & Assoc., P.C., Conroe, for respondent.

Before JACK SMITH, COHEN and SAM BASS, JJ.

## OPINION

PER CURIAM.

Relator, Zep Manufacturing Co., asks this Court to order respondent, the Honorable Marsha Anthony, Judge of the 334th District Court of Harris County, to vacate her order that struck relator's pleadings. The sole issue in this mandamus action is whether a trial court may *sua sponte* order sanctions when there is no motion for sanctions before the court, and no notice has been given that sanctions may be imposed.

The real parties in interest, Dorothy Lee Jennings and Tommie C. Jennings, Jr., who are the plaintiffs in the underlying personal injury lawsuit, have filed their response to relator's petition for a writ of mandamus.

This Court has jurisdiction over this proceeding under Tex.Gov't Code Ann. art. 22.221(b) (Vernon Pamph.1988).

Briefly stated, the record shows that on June 15, 1987, the plaintiffs sent to relator their requests for production, admissions, and interrogatories. On June 30, 1987, the relator responded by asking for additional time, limited protection from disclosure, and objections. A form order was attached to the relator's response filed with the court.

The litigants continued their discussions on the discovery matters, and on July 13, 1987, the relator mailed a letter to plaintiffs confirming their agreement to extend the time for relator to answer plaintiffs' requests and to make objections until August 19, 1987. A copy of this letter was sent to the court. Pursuant to this agreement, on August 17, 1987, the relator filed with the court its second response to the plaintiffs' June 15th request for production, admissions, and interrogatories. This response also included additional and more specific objections.

On September 24, 1987, the court, apparently unaware of the litigants' July 13th

agreement and the filing of the relator's answers and responses on August 17, signed the general order attached to relator's June 30th response. The order fixed November 19, 1987, as the date by which relator was to produce.

Because the parties were not notified that the court had signed an order on September 24, they continued to attempt to settle their discovery problems. When they reached an impasse on October 22, 1987, plaintiffs filed a motion to compel relator to produce documents and to answer interrogatories filed with the court on June 15th.

Relator and plaintiffs requested an oral hearing on plaintiffs' motion to compel. On February 8, 1988, a hearing was held, and relator's pleadings were struck.

The plaintiffs argue that mandamus relief is not available for complaints about sanctions. They point to the language in Tex.R.Civ.P. 215, which states that the "order of sanction shall be subject to review on appeal from the final judgment." This language clearly prohibits *appeals* of interlocutory sanction orders. *See Grant v. Austin Bridge Constr. Co.,* 725 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Memorial Medical Center v. Garcia,* 712 S.W.2d 619 (Tex.App.—Corpus Christi 1986, no writ).

This prohibition against interlocutory appeals does not necessarily proscribe applications for writs of mandamus. In Texas, it appears to be well established that a writ of mandamus will lie to correct a trial court order that the court had no power to enter. *State v. Ferguson,* 133 Tex. 60, 125 S.W.2d 272 (1939). It is not enough that the order of the court is erroneous; the order of the court must have been beyond the power of the court to enter. *Ex parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249 (1961). Generally, mandamus relief is available where there is a clear abuse of discretion or a clear violation of law and there is no adequate remedy by appeal. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). Mandamus relief has also been afforded where the trial court's order is void. *Dikeman v.*

*Snell,* 490 S.W.2d 183, 186 (Tex.1973); *Buttery v. Betts,* 422 S.W.2d 149, 151 (Tex. 1968); *State v. Giles,* 368 S.W.2d 943, 947 (Tex.1963). *See also* Dorsaneo, *Original Proceedings in Texas Appellate Courts, State Bar of Texas, Advanced Appellate Practice Course* (1987).

In *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639 (Tex.1986), the supreme court held that the court of appeals had improperly granted mandamus relief from the trial court's award of attorney's fees for discovery sanctions because the sanctions were subject to review on appeal after final judgment. The court noted that a writ of mandamus was not a proper remedy when there is an adequate remedy by appeal. The holding in *Street* would not prohibit mandamus relief under the appropriate circumstances, e.g., where an appeal would not be an adequate remedy. In fact, the court in *Street* expressly recognized an exception to the general rule that a writ of mandamus is not a proper remedy to contest sanctions. The court stated that "this is not a case where the trial court has sought to compel disclosure of privileged materials," citing this Court's decision in *Smith v. White,* 695 S.W.2d 295 (Tex.App. —Houston [1st Dist.] 1985, orig. proceeding). In *Smith,* we granted mandamus relief and held that the trial court abused its discretion when it imposed sanctions seeking to compel disclosure of information protected by the fifth amendment privilege.

We conclude that the respondent's order striking relator's pleadings is void. The trial court struck relator's pleadings *sua sponte* and without notice. The motions filed by the real parties in interest sought to compel discovery. The motions asked the trial court to order the production of documents and that an interrogatory be answered by relator. There were no motions before the court seeking any type of sanctions. We have found no authority for the proposition that a trial court may impose sanctions *sua sponte.* *See generally Houston Bar Association, Discovery Institute: What You Need to Know About Discovery to Avoid Paying Sanctions* (December 11, 1987); Kilgarlin

& Jackson, *Sanctions for Discovery Abuse Under New Rule 215,* 15 St. Mary's L.J. 767 (1987). Without a motion before the trial court that asked for sanctions for discovery abuse, the relator had no notice that the hearing scheduled on other discovery motions would result in respondent's spontaneous striking of its pleadings. Notice is essential for the proper imposition of sanctions. Tex.R.Civ.P. 215(2); *Palmer v. Cantrell,* 747 S.W.2d 39 (Tex.App.—Houston [1st Dist.] 1988, no writ); *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640, 647 (Tex.App.—Dallas 1987, no writ); *Plodzik v. Owens–Corning Fiberglass Corp.,* 549 S.W.2d 52, 54 (Tex.Civ.App.—Waco 1977, no writ). Under these circumstances, the trial court's order is void.

We hold that mandamus relief is available where, as here, the trial court's order imposing sanctions is void.

The petition for writ of mandamus is conditionally granted, and we direct Judge Anthony to vacate her order of February 11, 1988. We are confident that she will comply with our decision, and a writ of mandamus will issue only if she fails to do so.