**HUMANA HOSPITAL CORP., INC. d/b/a Humana Hospital, San Antonio, Relator,**

v.

**The Honorable Solomon CASSEB, Jr. and The Honorable Peter Michael Curry, Respondents.**

**No. 04–90–00572–CV.**

Court of Appeals of Texas, San Antonio.

April 3, 1991.

Cathy J. Sheehan, Alan Dale Hicks, Plunkett, Gibson & Allen, Inc., San Antonio, for relator.

George G. Brin, Brin & Brin, P.C., Maloney, Marynell, Maloney & Maloney, P.C., San Antonio, for respondents.

Before CHAPA, PEEPLES and GARCIA, JJ.

## OPINION

CHAPA, Justice.

This is an original mandamus proceeding. The relator, Humana Hospital Corporation, Inc., d/b/a Humana Hospital, San Antonio, petitions this court to order the Honorable Peter Michael Curry[1] to rescind his order striking the relator's designation of Dr. Michael Spebar as an expert witness[2].

Plaintiffs (Mary E. Cantu and Santos Cantu) sued Dr. David J. Mozersky, Dr. Mellick T. Sykes, and the relator for their alleged negligence in the diagnosis and treatment of Mary Cantu which she alleges caused her leg to be amputated. Mary underwent a total of five surgical procedures which culminated in an above the knee amputation. Dr. Spebar assisted in the first surgery, which was performed to relieve a blocked artery. A subsequent surgery, in which Dr. Spebar took no part, was performed because the first surgery apparently was complicated by a blood clotting disorder. Another surgery involved the amputation. The relator requested Dr. Spebar to review the medical records obtained through Mary's signed release and to form an opinion regarding whether the defendant surgeons and the hospital were negligent in their treatment of Mary. Dr. Spebar wrote a report in which he concluded that, based on the records provided to him, no negligence was involved in Mary's treatment. Plaintiffs sought to strike the designation of Dr. Spebar as an expert witness for the relator. The trial court struck the relator's designation of Dr. Spebar as a witness and the relator sought this mandamus.

This appeal does not involve a sua sponte court order without request or authority, an extreme improper emasculation of the relator's defenses, or court action which in fact denies relator the preservation of error. See Jampole v. Touchy, 673 S.W.2d 569, 576 (Tex.1984); Mother Frances Hosp. v. Coats, 796 S.W.2d 566, 571 (Tex.App.—Tyler 1990, original proceeding); Zep Mfg. Co. v. Anthony, 752 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1988, original proceeding). Plaintiffs therefore urge that the relator has an adequate remedy by appeal. We agree, and accordingly deny the petition for writ of mandamus because the relator has not shown that it has no adequate remedy at law.

1. The relator also named the Honorable Solomon Casseb, Jr., the visiting judge sitting for the Judge of the 166th Judicial Court, and the judge who signed the order complained of in this proceeding. Judge Curry is the permanent judge of the 166th District Court. Under *Hoggard v. Snodgrass*, 770 S.W.2d 577, 588 (Tex. App.—Dallas 1989) (original proceeding), the writ should properly issue against Judge Curry, the permanent judge of the court.

2. The trial court's order involved Dr. Clifford J. Buckley and Dr. Michael Spebar. However, relator's petition for writ of mandamus complains of the order only insofar as it relates to Dr. Michael Spebar.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law" and "[t]he court of appeals, therefore, acts in excess of its writ power (abuses its discretion) when it grants mandamus relief absent these circumstances." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

We find that the holding of *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984) does not support the mandamus in this instance. In *Jampole*, the Supreme Court of Texas granted mandamus when the trial court had denied the relator discovery of certain critical material under circumstances which the court found made it impossible to preserve error. Holding that there was no adequate remedy at law, the court stated:

> The trial court's action in this case effectively prevents Jampole from proving the material allegations of his lawsuit. On appeal, it is unlikely he would be able to show that the trial court's errors were harmful under the standard set out in Rules 434 and 503. Tex.R.Civ.P. 434, 503. Because the evidence exempted from discovery would not appear in the record, the appellate courts would find it impossible to determine whether denying the discovery was harmful.

*Id.* at 576.

Although the court's opinion in *Jampole* is restricted to the circumstances therein involved, the warnings of Justice Barrow in his dissent are significant:

> Today's decision effectively insures that this flood will continue and increase into a rampage. The majority has failed to heed the warning echoed by our predecessors against "entering the thicket" by constant interruptions of the trial process.

*Id.* at 578 (Barrow, J., dissenting).

In 1986, the Supreme Court of Texas took heed of Justice Barrow's warnings to restrict the issuance of mandamus by rejecting a mandamus granted by a court of appeals on the question of whether the award of attorneys fees for discovery sanctions was proper, stating, "mandamus was not a proper remedy when there was an adequate remedy by appeal" and "[t]his is not a case where the trial court has sought to compel [or deny] disclosure of privileged material." *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639, 640 (Tex.1986).

In 1990, the Texas Supreme Court further limited the application of the rationale of *Jampole* in *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954 (Tex.1990), and *Pope v. Stephenson*, 787 S.W.2d 953 (Tex.1990).

In *Bell Helicopter*, the court denied a mandamus to the relator who contended that the trial court erred as a matter of law in not granting its pleas to the jurisdiction, stating:

> We have consistently held that we lack jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. "Such incidental rulings include ... pleas to the jurisdiction, ... [even if] it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled." *Abor v. Black*, 695 S.W.2d 564, 566–567 (Tex. 1985), quoting *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). Generally, the cost and delay of pursuing an appeal will not, in themselves, render appeal an inadequate alternative to mandamus review. [Citations omitted.] Relators' application does not fall within any recognized exception to these general rules. Therefore, leave to file relators' petition for writ of mandamus is denied.

*Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d at 955.

In *Pope v. Stephenson*, 787 S.W.2d 953 (Tex.1990), the court denied an application for writ of error in a case involving an appeal from a trial court order protecting certain communications from discovery under the "investigative" privilege of TEX.R. CIV.P. 166b(3)(d). The Supreme Court held that no basis existed to conclude that there was harmful error as required under TEX. R.APP.P. 81(b)(1) when there was nothing in the record to indicate what facts the

denied reports encompassed. But the court further stated:

We disapprove, however, of the apparent suggestion in the appellate court's opinion that mandamus is the "timely" remedy for any wrongful denial of discovery. [*Pope v. Stephenson*] 774 S.W.2d [743] at 745 [ (Tex.App.1989) ]. The decision not to pursue the extraordinary remedy of mandamus does not prejudice or waive a party's right to complain on appeal [footnote disapproving similar language in *Caudillo v. Chiuminatto*, 741 S.W.2d 545, 546 (Tex.App.—Corpus Christi 1987, no writ) ]. In most cases, the contents of the documents which have been protected must be available in order to determine whether the error has "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment...." Tex.R.App.P. 81(b)(1). The burden is on the complaining party to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d). Therefore, if documents have been submitted for *in camera* inspection, the complaining party must request that the exhibits be carried forward under seal so that the appellate court can evaluate this information. Accordingly, the application for writ of error is denied.

*Pope v. Stephenson*, 787 S.W.2d at 954.

The case before this court is easily distinguished from *Jampole*. Here, the appealed court order simply orders "that Plaintiff's motion to strike designation of Dr. Clifford J. Buckley and Dr. Michael Spebar as experts for Defendants is granted," and denies plaintiffs' motion for sanctions. The order does not deny the relator the discovery of anything necessary to preserve error, does not prevent the relator from taking the deposition of the doctors involved, and does not prevent the relator from preserving the alleged error for appeal by way of bill of exceptions. In oral argument, the relator conceded that it had not sought, and therefore had not been denied, anything in discovery necessary to preserve error or the taking of the depositions of the doctors. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex.1990) (holding that mandamus will not lie in a complaint founded on alleged abuse of discretion of the trial court in denying certain testimony until the trial court has denied a proper request to take the deposition of the witness). Since the trial on the merits has not taken place, the court has yet to deny the relator a bill of exceptions. In order to justify mandamus, this court would have to engage in a series of impermissible assumptions: we must assume that the trial court will in fact deny the relator the right to take the deposition of the doctors, and will deny the relator everything necessary to preserve error, including a bill of exceptions at the trial.

Thus, because the relator has failed in his burden of clearly showing that it was no adequate remedy at law, the petition for writ of mandamus is refused.

PEEPLES, Justice, concurring.

The respondent trial court has ruled that the physician-patient privilege "does not permit the physician to qualify or be designated as an expert witness against the patient." The court therefore ordered that Humana cannot present the testimony of Dr. Spebar, who had treated the plaintiff in the past. Thus the court has created a brand-new privilege for a patient to prevent her former physicians from testifying against her in a personal injury suit. The plaintiff's motion to strike the expert witness characterized the privilege as a "fiduciary duty" to the patient not to be employed as an expert witness against the patient's interests.[1] Unlike the party seeking discovery in *Mutter v. Wood*, 744 S.W.2d 600 (Tex.1988), Humana did not ask for a broad authorization requiring the plaintiff to waive the physician-patient privilege completely, even concerning irrelevant matters.

---

1. The motion says that plaintiff has "in no way released the doctors [Dr. Spebar and another doctor not involved in this mandamus proceeding] from their fiduciary duties to their patients [not] to be employed as expert witnesses against the patient's interest."

This court has *not* held that the trial court's ruling was correct but that Humana has not met the procedural requirements for mandamus. I do not agree with the court's reasoning, but I concur in the result because the appellate courts simply cannot entertain requests for mandamus relief every time a trial judge incorrectly rules that a witness can or cannot testify. To hold otherwise would swell the flood of mandamus filings in the appellate courts, which already threaten to swamp us. Regular appellate review of witness-exclusion rulings before trial would also disrupt trial court docket management to an unacceptable degree.

It is tempting to grant mandamus review of all clear abuses of discretion, such as the creation of a new privilege unsupported by the rules. But mandamus is not available—even where the trial court has abused its discretion—if there is an adequate remedy by appeal. *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987); *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984); *State ex rel Pettit v. Thurmond*, 516 S.W.2d 119, 121 (Tex.1974). If we were to grant relief in this case, could we articulate a principled basis for preventing a rash of filings involving less clear rulings in other cases? Would we entertain a petition for mandamus when the trial court ruled on a motion in limine (and committed a clear abuse of discretion) on Friday before a trial on Monday?

The law allows significant mandamus review of discovery rulings, but that is not true of witness-exclusion decisions. It is true that some courts have reviewed pretrial witness-exclusion decisions more devastating than the one before us. *See, e.g., Mother Frances Hosp. v. Coats*, 796 S.W.2d 566, 571–72 (Tex.App.—Tyler 1990, orig. proceeding) (exclusion of eight experts and limitation of testimony of eight other experts "emasculated" defense of lawsuit and was reviewable); *Williams v. Crier*, 734 S.W.2d 190 (Tex.App.—Dallas 1987, orig. proceeding) (reviewing by mandamus the pre-trial exclusion of three experts). Another court has refused to do so. *Forscan Corp. v. Touchy*, 743 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding) (exclusion of two experts not reviewable by mandamus because the right to offer the evidence by bill of exceptions is an adequate remedy at law); *see also Williams v. Crier*, 734 S.W.2d at 193–94 (Enoch, C.J., dissenting) (right to make record and appeal is an adequate remedy at law).

Here, as the court emphasizes, Humana has not sought to depose the doctor. I recognize that a deposition is not a prerequisite to presenting the witness at trial. But if Humana had tried to depose the doctor and the trial court had denied its request, this would be an entirely different case.[2] When a court denies a party discovery of the only evidence that could show error in the appellate court, an appeal after trial is not an adequate remedy at law and mandamus will lie if it is otherwise proper. *See Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984). Without Dr. Spebar's deposition, Humana has only a hearsay letter, which would not be admissible as a bill of exceptions if the court or the plaintiff insists on a question-and-answer offer, as the rules permit them to do. *See* TEX.R.CIV. EVID. 103(b). And even a letter stipulated to be admissible would not be nearly as persuasive as real testimony.

The law is wise to limit mandamus review of witness-exclusion rulings because often there is a possibility that the matter will work itself out in the trial court, as there is here. Humana seeks only to have Dr. Spebar review the records of others and give his opinions. In light of *Jampole*, it is possible that the trial court will permit the deposition, which Humana has not yet sought to take, and Humana might then be able to show that his testimony can be offered without offering his own records or any communications between him and the plaintiff, which is all that the physician-patient privilege protects. *See* TEX.R.CIV. EVID. 509(b) (privilege covers communications and records only). In addition, the court might reconsider its decision about

---

**2.** In view of its creation of a new privilege, in all likelihood the trial court would deny Humana the right to depose Dr. Spebar, but the request has not been made.

Dr. Spebar's records and his communications with the plaintiff in view of TEX.R. CIV.EVID. 509(d)(4) (privilege does not apply to communications or records that are relevant to the patient's claim concerning her condition or the defendant's defense of that claim). For all we know the court might reconsider its decision about the consent form that has been signed and apparently never withdrawn. *See* TEX.R.CIV. EVID. 509(d)(2) and 509(e)(2). There is of course no right to prevent anyone from being a witness unless such a right is specified in the constitution, a statute, or a rule. TEX.R.CIV.EVID. 501(4).

It is true that as the record now stands, Humana's designation of the witness has been stricken, but even that ruling might be changed at the time of trial. This is a real possibility under Bexar County's central docket. For example, the deposition might be taken and the testimony could be so powerful, and its exclusion therefore so probably harmful, that the judge who ultimately tries this case and whose name will be on the judgment might not stand by the earlier ruling of a different judge that Dr. Spebar cannot testify, instead continuing the case until the doctor could be timely designated.

We do not know whether any of this will happen, and for purposes of mandamus jurisdiction, it does not matter. The law does not permit pre-trial mandamus review of witness-exclusion rulings, except in extreme cases of complete emasculation, such as *Mother Frances Hosp. v. Coats*, 796 S.W.2d at 571–572 (exclusion of eight experts and limitation of eight others). Trial courts make many decisions before trial, some correct and some incorrect. If we too freely grant mandamus review of the incorrect ones involving witness designation, that will enable, and perhaps encourage, litigants to seek review of other rulings that may be correct. That much pre-trial intervention is too great a price to pay for occasional correction of pre-trial error.

For these reasons, I concur in the result.