Opinion issued October 21, 2004









     

In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00670-CV
          01-04-00672-CV




IN RE RICHARD H. ALSENZ, Relator




Original Proceeding on Petition for Writ of Mandamus




O P I N I O N

          Relator Richard H. Alsenz petitions for a writ of mandamus, asking this court
to set aside the trial court’s May 26, 2004 turnover order in the underlying cause, In
the Matter of the Marriage of Richard Herman Alsenz and Marjorie Sue Alsenz, No.
2000-28446 (310th Dist. Ct., Harris County, Tex.). We conclude that the trial court
improperly ordered the turnover of funds from a supersedeas bond that our court had
ordered released. We therefore conditionally grant the petition for a writ of
mandamus. 
Background
          In January 2001, the trial court signed a final divorce decree between the
relator, Richard H. Alsenz (Richard), and the real party in interest, Marjorie Sue
Alsenz (Sue). The divorce decree awarded Sue trial and appellate attorney’s fees. In
February 2003, this court reversed the trial court’s judgment and remanded the cause
for “consideration of the fraud claim and a re-division of the marital estate,” in
accordance with our opinion.


 Alsenz v. Alsenz, 101 S.W.3d 648, 657 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied). Our judgment ordered that the “cash
deposit of $97,351 made in lieu of a supersedeas bond by appellant, Richard H.
Alsenz, be released from the registry of the trial court.”
          In March 2004, Sue filed a “Motion to Release Supersedeas Bond,” asking the
trial court to condition the release of Richard’s supersedeas bond, upon the turnover
of $45,784.17 of the funds to Sue’s attorneys to satisfy her attorney’s fees.


 Richard
opposed the motion. On May 13, 2004, the trial judge held a hearing. On May 18,
2004, the trial judge wrote the following as a docket entry:
The Ct orders the cash deposit of $97,351.00 made in lieu of a
supersedeas bond ordered released from the registry of the trial court –
the Ct hereby orders Mr. Alsenz to turnover from the proceeds of
$97,351.00 to Richard Lee Daniels & Teresa Taylor in the amt of
$25,000.00 plus post jdgmt int in the amt of $3,325.92 to satisfy the
award of atty fees jdgmt / the Ct hereby orders Mr. Alsenz to turnover
from the proceeds of $97,351.00 to Sallee Smythe [sic] in the amt of
$17,458.25 for atty fees to satisfy the award of atty fees on appeal. Mr.
Alsenz is ordered to turnover said sums upon receipt of the deposit of
$97,351.00 made in lieu of a supersedeas bond. 
          On May 21, 2004, Sue filed an application for turnover relief, pursuant to the
Texas Civil Practices and Remedies Code section 31.002, and a first supplemental
application for turnover relief on May 24. Sue’s appellate counsel explained that she
used the “turnover” language “in light of” the trial court’s docket entry and “in an
abundance of caution.” On May 26, 2004, an associate judge conducted another
hearing on the application for turnover relief. The associate judge properly
recognized that this court had reversed and remanded the cause for a new property
division:
Didn’t the mandate set aside the property division and order a new
property division in the underlying suit? . . . 
 
The amendment that I read said that the property division is set
aside, period dot, and the other issues were to be considered. Wouldn’t
they have to set aside the entire property division for the Court to
address those three things – . . . – depending on the outcome of them? 
 
. . . One of the issues that came back in the mandate – wasn’t it the
tort claims? So if all of a sudden the tort claims are granted and now
mom’s separate property estate is 4.3 million dollars, doesn’t the Court
have to consider that in dividing the other assets as well? I mean, you
can’t just say, “Okay, this is the property division, and then this is the
money judgment.” You can’t – You have to do it just and right as to the
whole thing, don’t we? 
          On May 26, 2004, another trial judge signed an “Order on Motion to Release
Supersedeas Bond.” The order requires the Harris County District Clerk to release
the balance of all funds in the court’s registry to Richard, and further orders Richard
to “turnover” $28,325.92 to Richard Daniels (Sue’s trial attorney) and $17,458.25 to
Sallee Smyth (Sue’s appellate attorney). 
          On June 21, 2004, Richard filed a petition for writ of mandamus and a motion
for emergency temporary relief. On June 23, 2004, this court granted the motion for
temporary relief and stayed the trial court’s May 26, 2004 order. 
Standard for Mandamus Relief
          In an original mandamus proceeding, we determine whether the relator has an
adequate remedy by appeal, and if not, whether the trial court abused its discretion
in signing the order. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). We
should not issue a writ of mandamus if an adequate remedy by appeal exists, as
mandamus relief is an extraordinary remedy, available in limited circumstances. Id.
at 840. 
          Without a final judgment, a turnover order is void, and mandamus relief lies
to vacate the void order. See Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973)
(providing mandamus relief for a void nunc pro tunc judgment entered after original
judgment had become final). See also Ex parte Johnson, 654 S.W.2d 415, 417 (Tex.
1983) (noting that turnover order designed to secure “satisfaction of a final
judgment”); In re Bro Bro Properties, Inc., 50 S.W.3d 528, 531 (Tex. App.—San
Antonio 2000, no pet.) (conditionally granting petition for writ of mandamus because
trial court’s turnover order was premature absent final judgment). Moreover,
mandamus relief is appropriate if a trial court issues a turnover order jeopardizing the
disposal of assets, thus endangering a relator’s rights. Plaza Court, Ltd. v. West, 879
S.W.2d 271, 275-76 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding)
(holding that seizure of corporations’ assets not authorized under turnover statute
absent finding that shareholders owned controlling majority of corporate stock). 
          Mandamus relief is also appropriate if a trial court includes a non-judgment
third-party in a turnover order. Republic Ins. Co. v. Millard, 825 S.W.2d 780, 783-84
(Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (holding that reinsurer,
who is neither judgment creditor nor judgment debtor, is not a proper party to
postjudgment turnover proceedings).


 Here, the order states that Richard “shall
turnover” funds to Sue’s attorneys, who are third parties not included in the original
judgment vacated by this court. If he complies with the trial court’s order, then
Richard has no adequate remedy by appeal. See Plaza Court, 879 S.W.2d at 276. We
therefore hold that mandamus is an appropriate vehicle for challenging the trial
court’s order. 
The Turnover Order
          In her response to the petition, Sue does not contest that the trial court’s order
is invalid as a turnover order. She instead contends that the trial court’s order is not
a “turnover order” under section 31.002 of the Texas Civil Practice and Remedies
Code, because it is entitled “Order on Motion to Release Supersedeas Bond,” and the
trial court deleted references to “Judgment Debtor” and “Judgment Creditor” in the
form of the order. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp.
2004). Sue urges that we construe the order instead as a “temporary order” under
section 6.502 of the Family Code. Section 6.502 states:
(a) While a suit for dissolution of a marriage is pending and on the
motion of a party or on the court’s own motion after notice and hearing,
the court may render an appropriate order, including the granting of a
temporary injunction for the preservation of the property and protection
of the parties as deemed necessary and equitable and including an order
directed to one or both parties: . . .
 
                    (4) ordering payment of reasonable attorney’s fees and
expenses.
Tex. Fam. Code Ann. § 6.502(a)(4) (Vernon Supp. 2004-2005) (emphasis added). 
          Section 6.502, however, specifically requires notice and a hearing. Tex. Fam.
Code Ann. § 6.502(a). Sue cannot convert a turnover order into a temporary order
without notice and a hearing under the Family Code. See Post v. Garza, 867 S.W.2d
88, 90 (Tex. App.—Corpus Christi 1993, no writ) (holding that statute requiring
notice and a hearing before divorce court may award interim attorney fees necessarily
implies that opposing spouse may participate in hearing by cross-examining witnesses
and presenting own evidence). Here, neither Sue nor the trial court provided notice
or a hearing regarding a temporary order under section 6.502.
          Moreover, although the trial court deleted the terms “Judgment Debtor” and
“Judgment Creditor,” we look to the entire substance of the order in construing it. 
See Surgitek, Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999). The
order expressly conditions the release of Richard’s supersedeas bond upon the
requirement that Richard “turnover” these funds directly to Sue’s attorneys. The trial
court also struck through handwritten language on the order stating that it is a
“temporary order on the court’s own motion.” In reversing the final judgment in this
case, our court ordered the release of the supersedeas bond without condition. The
trial court thus lacked the authority (1) to condition the release of the supersedeas
bond in the absence of a final judgment from which execution lies and (2) to order the
relator to pay the funds to third parties who could assert no claim based on the
judgment—a judgment that, in any event, our court had set aside. 
          Finally, Sue contends that Richard did not challenge the attorney’s fees award
in the divorce decree, nor did this court address those fees in our opinion on the
merits. Sue concedes, however, that this court’s opinion reversed the judgment, and
remanded the cause for “consideration of the fraud claim and a re-division of the
marital estate.” See Alsenz, 101 S.W.3d at 657. In such a case, upon remand, a trial
court must re-divide the entire marital estate, including the attorney’s fees at issue
here. See Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985) (remanding to trial
court for new division of community estate when court of appeals found portion of
division lacked evidentiary support); Wilson v. Wilson, 132 S.W.3d 533, 536 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied) (“If a court of appeals finds reversible
error that materially affects the trial court's ‘just and right’ division of property, then
it must remand the entire community estate for a new division of the property”). See
also Lifshutz v. Lifshutz, 61 S.W.3d 511, 519 (Tex. App.—San Antonio 2001, pet.
denied) (holding that “the property division must be remanded, including the award
of attorney’s fees”). 
          We hold that the trial court abused its discretion in ordering the turnover of the
supersedeas funds, as no final judgment supports the order. We further hold that the
trial court should not have conditioned the release of the supersedeas bond, as our
court had ordered that it be released, nor should it have directed payment of the
proceeds from the bond to persons who were not parties to the vacated judgment. We
therefore conditionally grant the petition for a writ of mandamus and direct the trial
court to vacate the May 26, 2004 “Order on Motion to Release Supersedeas Bond.” 
We will issue this writ only if the trial court does not comply. 
The Proper RespondentJudge Millard is the elected judge of the 310th District Court, and conducted
the first hearing in this matter. Associate Judge Daniel Lemkuil conducted the second
hearing. In Judge Millard’s absence, another elected Harris County state district
judge, Judge Galik, signed the May 26, 2004 order. To insure that he requested
mandamus relief against the proper judge, Richard named both Judge Millard and
Judge Galik as respondents.


 
          In Remington Arms Co., Inc. v. Caldwell, the Texas Supreme Court held that
the proper respondent in a mandamus action is the judge whose actions form the basis
of the relator’s complaint. 850 S.W.2d 167, 168 n.1 (Tex. 1993). In Remington
Arms, the Texas Supreme Court explained that Judge Neil Caldwell, as the presiding
judge of the 23rd Judicial District, had conducted some pretrial matters, but that
Judge Ben Martinez “was assigned to preside over the trial.” Id. As the relator
complained of Judge Martinez’s actions, the court held that Judge Martinez was the
proper respondent in the mandamus action. Id.



          The Dallas Court of Appeals addressed a similar issue in Hoggard v.
Snodgrass, 770 S.W.2d 577, 588 (Tex. App.—Dallas 1989, orig. proceeding). In
Hoggard, the court of appeals issued a writ of mandamus directed to the elected judge
of the district court, even though a visiting judge had signed the order at issue, noting
that “[b]ecause the visiting judge ‘sits for’ the permanent judge, the rulings of the
visiting judge are, in effect, the rulings of the permanent judge.” Id. Without citation
to authority, the court of appeals in Hoggard concluded that “[t]he visiting judges
acted only at the request and pleasure of the permanent judge”; therefore, “the
permanent judge . . . is ultimately responsible for any order that issues from the . . .
District Court.” Id. The court in Hoggard did not address the Texas Supreme Court’s
holding in Remington Arms. 
          This court cited Hoggard in In re Balawajder, but held that the proper
mandamus was the one brought against the visiting judge, because his actions formed
the basis of the relator’s complaint. Nos. 01-03-00002/00538/
00541/00536/00539/00542/00537/00540-CV, 2003 WL 21470397, at *1 (Tex.
App.—Houston [1st Dist.] June 19, 2003, orig. proceeding) (memo op.) (keeping
proceeding against visiting judge and dismissing proceeding against elected judge as
moot). The El Paso and San Antonio Courts of Appeals have followed the Hoggard
decision. See, e.g., Dal-Briar Corp. v. Baskette, 833 S.W.2d 612, 614 n.1 (Tex.
App.—El Paso 1992, orig. proceeding); Humana Hosp. Corp. v. Casseb, 809 S.W.2d
543, 548 (Tex. App.—San Antonio 1991, orig. proceeding). 
          We follow Remington Arms in this case. Here, the relator bases his complaint
on an order Judge Galik signed. Judge Galik thus is the proper respondent for the
purposes of an original proceeding. See Remington Arms, 850 S.W.2d at 168 n.1. As
Hoggard correctly observes, if the judge against whom mandamus lies is no longer
hearing the matter, then it is the sitting elected judge’s responsibility to follow the
orders of the appellate court, including an order to vacate the turnover order at issue
in this original proceeding. See Hoggard, 770 S.W.2d at 588-89. Mandamus should
not lie, however, against a trial judge that has not had an opportunity either to follow
the appellate court’s order or to grant the relief requested by the petition. See State
v. Olsen, 360 S.W.2d 402, 403 (Tex. 1962) (holding that writ of mandamus will not
lie against successor judge absent refusal by successor judge to grant relief relator
seeks). Here, given that state district judges within a county may exchange benches
with each other, it is unclear whether Judge Galik continues to sit on this matter; thus,
we conditionally grant the petition for writ with the understanding that should Judge
Galik no longer hear this matter, Judge Millard will vacate the turnover order. We
dismiss the petition for a writ of mandamus as to Judge Millard in cause number 04-00670-CV.
Conclusion
          We hold that the trial court abused its discretion in ordering the turnover of the
supersedeas funds because our court had ordered the release of the bond, and no final
judgment supports the turnover of funds. We further hold that the trial court should
not have conditioned the release of the supersedeas bond, nor directed payment of
proceeds of the bond to persons who were not parties to the vacated judgment. We
therefore conditionally grant the petition for a writ of mandamus and direct the
respondent in cause number 04-00672-CV to vacate the May 26, 2004 “Order on
Motion to Release Supersedeas Bond.” We dismiss the petition in cause number 04-00670-CV. We will issue this writ only if the trial court does not comply with the
opinion of this court.
 
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.