The CITY OF ABILENE, Appellant,

v.

Vernon WALKER et ux., Appellees.

No. 3344.

Court of Civil Appeals of Texas.

Eastland.

Jan. 10, 1958.

Dan T. Sorrells, Abilene, G. Bert Smith, Jr., Andrews, for appellant.

Dan Abbott, Abilene, for appellees.

COLLINGS, Justice.

This suit was brought by Vernon Walker and wife, Betty Walker, against the City of Abilene seeking to recover for alleged damages to their eighty-acre farm by reason of improper operation and use by the City of its adjoining sewage farm. Plaintiffs alleged that their land was well improved and productive and had a reasonable market value of $26,000 before it was contaminated by the improper use by the City of Abilene of its sewage plant; that because of such wrongful action by the City, appellees' land and the surrounding atmosphere became foul and contaminated and the land became incapable of producing plant life, including farm products; that it has become unfit for human habitation and without value. Plaintiffs sought to

recover $26,000, the alleged amount of loss of value and damage to their farm. The case was tried before a jury which found that plaintiffs' farm was damaged temporarily in the amount of $5,000. Judgment was rendered against the City of Abilene for that amount and the City has brought this appeal.

■ In appellant's first point it is contended that the evidence is insufficient to support the finding that the damage to appellees' farm was temporary. Appellant urges that all of appellees' evidence was to the effect that the usefulness of their land as a farm and home was totally and permanently destroyed. We cannot agree with this contention. Although there was evidence of permanent injury to appellees' land, there was also evidence to the effect that during each of the years 1954, 1955 and 1956, in which the City is alleged to have improperly used and operated its sewage farm, there was merely a decreased production of farm products and of rent from appellees' farm. It was the province of the jury to accept that portion of the evidence which it believed to be true and to reject the evidence which it did not believe.

■■ We are also unable to agree with appellant's contention that the finding of temporary damage cannot stand because of a lack of support in appellees' pleadings. Appellees alleged and sought recovery for permanent damage to their land, but they also prayed for such other and further relief to which they might be entitled in law or in equity. This portion of appellees' pleadings is sufficient to support the finding of temporary damage. It is also noted that special issue number 4, inquiring whether the damage to appellees' farm was permanent or temporary, was submitted to the jury without objection. Even in the absence of proper pleadings where there is evidence to support the submission of an issue and the court does so without objection, it is considered that there is a trial of the issue by consent. We, therefore, overrule appellant's point to the effect that

the judgment cannot stand because appellees' pleadings and evidence were insufficient to support the jury finding that the damage to their land was temporary.

■ It is contended in appellant's second point that the evidence is insufficient to support judgment for damages in the sum of $5,000. This point is well taken. In cases of temporary damage to real property the measure of damages is the reduced rental value or reduced productivity of the land after the injury plus the cost of restoring the property to its prior condition. 13 Tex.Jur. (Rev.) 152, 153; 25 C.J.S. Damages § 84, pp. 604, 605, 606. It is also held in cases of temporary damage to land that recovery may be had for only such such damages as have accrued up to the trial. Gulf Pipe Line Co. v. Hurst, Tex. Civ.App., 230 S.W. 1024; Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19.

■ When considered in connection with the accepted rule concerning the measure of damages in cases of temporary damage to land, as above set out, it is apparent that the evidence will not support a recovery of $5,000. The evidence shows that the appellees received $750 rent on the farm for the year 1953 and that during that year the farm produced twenty bales of cotton. There was evidence to the effect that in 1954, the first year during which the City is alleged to have improperly used and operated its sewage farm, that appellees' farm made ten bales of cotton, that in 1955 the farm produced sixteen bales of cotton and in 1956, six bales of cotton. Appellees urge in support of the judgment that mathematical calculations based upon reduced production of cotton after 1953 show a reduced rental value capable of being determined with reasonable certainty; that the evidence further shows the property was worth $17,500 in 1956, and that the rental value, or the value of the use of said property, should be at least $100 per month. We cannot agree with this contention. The most favorable view of the

evidence concerning reduced rental value, or reduced productivity, of the land up until the trial of the case cannot justify the finding of $5,000 damages. There was evidence concerning the number of bales of cotton produced and the rent received during 1953, prior to the alleged injury, and evidence of a reduced production of cotton during 1954, 1955 and 1956. But, there was no testimony showing the rent received or the rental value during the latter years. The evidence of reduced production was not of itself sufficient to show the rental value. There was no evidence of the amount received from the sale of the cotton produced during those years, so that the rent received by the appellees or the rental value could be determined. The showing of the value of the land or the extent of the reduction in value of the land is not, as urged by appellees, sufficient to show rental value in such cases. 25 C.J.S. Damages § 84, p. 606.

For the reasons stated the judgment is reversed and the cause is remanded.