Fred C. CULLUM, Appellant,

v.

G. M. HEINZELMANN, Appellee.

No. 3650.

Court of Civil Appeals of Texas.

Eastland.

Oct. 27, 1961.

Rehearing Denied Jan. 5, 1962.

 

Wagstaff, Harwell, Alvis & Pope, Abilene, Pat Beene, Ivanhoe, for appellant.

Ross H. Hemphill, Dallas, for appellee.

WALTER, Justice.

G. M. Heinzelmann filed suit against Fred C. Cullum in trespass to try title. On a favorable verdict, judgment was rendered for Heinzelmann for $1,500.00 damages and title to and possession of the property.

Cullum has appealed, contending the court erred in overruling his motions for an instructed verdict and judgment notwithstanding the verdict. He also contends the court erred in submitting issues under the ten and twenty-five year statutes of limitation and issues on boundary and damages because there was no evidence to warrant their submission.

■ The Cullum property is located east of the Heinzelmann property and is known as the Snyder Shopping Center. This controversy is over a small strip of land between their properties. Heinzelmann contends the east boundary line of the strip in controversy is the east boundary line of his property. Cullum contends the west boundary of the strip is the west boundary line of his property. We agree with the following statement in appellant's brief: "The evidence showed the entire controversy as to the location of this tract to depend upon the location of the Southeast corner of Section 181, Block 3, H. & G. N. RR Co. Surveys, Scurry County, Texas." The jury answered that this corner was located at a point fixed by Heinzelmann's surveyor, Darby. They also found for Heinzelmann on issues under the ten and

twenty-five year statutes of limitations. Cullum contends there was no evidence to support such answers. Our Supreme Court in Barker v. Coastal Builders, 153 Tex. 540, 271 S.W.2d 798, 799, speaking through Justice Griffin, said: "In considering the evidence to determine whether there is evidence to support the jury's answer to Special Issue No. One, we must consider that evidence most favorable to the Barkers, as they were the party prevailing in the trial court. Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357; Hickman v. Hickman, 149 Tex. 439, 234 S.W.2d 410; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Schiller v. Elick, 150 Tex. 363, 240 S.W.2d 997." We must, therefore, consider the evidence in the light most favorable to Heinzelmann.

■ We are of the opinion that location of the boundary presents the controlling issue in the case and that it will not be necessary to discuss appellant's points on limitation. Guy Stoker had lived in Scurry County about thirty years. He had worked for a licensed surveyor for about ten years. He had served as County Surveyor from about 1943 until 1950 and was commissioned by the State to survey land. He testified substantially as follows: that he made surveys in the Warren Crest Addition, which is located west of the Heinzelmann tract; he pointed out to Heinzelmann his boundaries when Heinzelmann purchased the property in 1950; in making surveys in Warran Crest, surveyors started with the southeast corner of Section 181, which corner was marked with a surveyor's monument in the form of a steel stake. After the Big Spring-Snyder Highway was paved, the steel stake used to designate said corner could not be located. The steel stakes in the Warren Crest had been used by him and other surveyors. He located a row of these stakes in the east fence line of the Warren Crest, and some in front of the Harrell place, also located in Warren Crest; that he knew these stakes had been in front of the Harrell place

since 1950; that he found a steel stake on every corner of the Ed Miller tract, which is located in Warren Crest. If one cannot locate the stake at the southeast corner of Section 181, a surveyor could start with the stakes in the Warren Crest and survey back and locate the southeast corner of Section 181. Since the filing of this suit, he has located the stakes in the Warren Crest and has made a survey on the ground from the Warren Crest to the Heinzelmann tract. He made this survey on the ground with surveyor Darby. He found the east boundary line of the Heinzelmann tract to be two or three feet east of the old fence that was torn down by Cullum.

B. F. Darby, Jr., a licensed state land surveyor, testified substantially as follows: that at the request of Heinzelmann and his attorney in November, 1960, he did some surveying for them and located the southeast corner of said Section 181; he prepared a plat which was introduced in evidence showing his work; that according to his plat the east boundary line of the Heinzelmann property is 2.7 feet east of the old fence line runing north and south on the east side of Heinzelmann's property and the west side of Cullum's property. The jury found that the southeast corner of Section 181 was located at the point fixed by Darby.

· A careful study of the facts and circumstances in evidence leads us to the conclusion that there was evidence of probative force upon which the jury based their answer to the boundary issue.

■ We find no evidence to support the judgment awarding Heinzelmann $1,500.00. We find no evidence which would support a verdict for temporary or permanent damages. This court held in City of Abilene v. Walker, 309 S.W.2d 494, that the measure of damages in cases of temporary damage to real estate is the reduced value, or reduced productivity, of the land after the injury, plus the cost of restoring the property to its prior condition, and that tempo-

rary damages could be recovered only for the damages that had accrued up to the trial. The rule for recovering damages for permanent injuries to land is as follows: "If the land has been permanently affected but its value has not been totally destroyed, the measure of damages is the difference between its actual cash or market value immediately preceding the injury and such value immediately thereafter, with interest." 13 Tex.Jur. 161. When Heinzelmann was asked, "What do you estimate the value of your property to be today, as compared with what it was when you bought it?", he answered, "I don't have any idea. I don't know what property values up there are."

The judgment, insofar as it awards Heinzelmann title and possession to the disputed strip of land, is affirmed. Insofar as it awards Heinzelmann $1,500.00 damages, the judgment is reversed and judgment is rendered for appellant.

The judgment is affirmed in part and reversed and rendered in part.