**Vic BOSNICH, Appellant,**

v.

**NATIONAL CELLULOSE CORPORATION,**
**Appellee.**

**No. 01–83–0392–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

James Clark, Houston, for appellant.

Kenneth H. Pearce, Hebinck & Associates, Houston, for appellee.

Before EVANS, C.J., and LEVY and DOYLE, JJ.

OPINION

DOYLE, Justice.

This is an appeal from a default judgment rendered in favor of appellee, order-

ing appellant to pay five thousand dollars in liquidated damages and two thousand in attorney fees, arising by virtue of a lawsuit filed by appellee, National Cellulose Corporation, on a guaranty agreement signed by appellant on January 15, 1976.

In July, 1982, appellee filed and served upon appellant its first set of interrogatories. Appellant failed to respond, and on September 29 the trial court granted plaintiff's motion to compel answers to interrogatories. The court ordered appellant to pay $150 in attorney fees and to answer the interrogatories by November 15. Appellant did not file his answers until December 22, and did not tender the check for attorney fees until February 12, 1983. Both appellant and appellee state in their briefs that an order striking appellant's pleadings was entered January 12, 1983, but the only evidence of such an order in the record is in the court's final judgment on February 11, 1983. However, on February 11, the court did find that appellant had not complied with the discovery order, and entered a default judgment in favor of the appellee. Appellant raises two points on appeal.

Appellant contends in his points of error that the trial court committed an abuse of discretion by entering an order striking defendant's original answer, and a default judgment against defendant after he had served his interrogatories upon the plaintiff. The appellant contends that although he did not timely comply with the court's order compelling an answer before November 15, 1982, he did answer by December 22, 1982, before the order allegedly granting plaintiff's motion for sanctions was signed. Therefore, the appellant argues that the court order entering a default judgment on February 11, 1983, was an abuse of discretion because appellant had answered approximately three weeks before plaintiff's motion for sanctions was filed.

Unfortunately, the appellant fails to address the fact that he did not comply with the court order of September 29, 1982, requiring the appellant to pay attorney fees in the amount of $150, in addition to answering the interrogatories by November 15.

Under rule 168, T.R.C.P., the court, after notice and hearing, may invoke any of the sanctions of rules 170 and 215a, if a party abuses the discovery process. Under rule 215a, a failure to timely respond to any question upon written or oral examination, invokes the court's authority to order the nonresponding party to pay reasonable attorney fees.

In the instant case, it is uncontested that the appellant failed to comply with both the original request for interrogatories, and the court's order compelling an answer by November 15.

■ Additionally, there is no contention that the court's order of September 29 was an abuse of discretion. Therefore, when the appellant failed to comply by the November 15 deadline, and only partially complied afterward, the court was still free to find that the appellant was abusing the discovery process.

■ As a general rule, as long as the sanctions chosen by the trial court, are within the authority vested in the trial court, the court's order will not be overturned unless there is a clear abuse of discretion. *Southern Pac. Transp. Co. v. Evans*, 590 S.W.2d 515 (Tex.Civ.App.— Houston [1st Dist.] 1979, writ ref'd n.r.e.). The appellate courts have usually upheld severe sanctions, if the court's order was reasonable and just, and there has been a willful refusal to allow discovery or to comply with the order. *Id.*

There is a tendency to uphold severe orders "... not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

In the recent case of *Waguespack v. Halipoto*, 633 S.W.2d 628 (Tex.App.— Houston [14th Dist.] 1982, writ dism'd),

which is closely on point, the court held that the plaintiff's failure to pay $100 in attorney fees, before the order granting the motion to dismiss was signed, was an abuse of the discovery process, and a failure to comply with a direct order of the court. In that case, the appellant had not complied with the order compelling discovery until after the date set in the original court order. Additionally, the appellant had not tendered $100 in attorney fees ordered by the judge until after the court signed the order granting defendant's motion to dismiss. This is exactly what occurred in the case before us.

The court in *Waguespack* held that appellant's failure to comply with the direct court order previously entered was a reasonable and just cause for the court to strike appellant's pleadings, order the payment of attorney fees, and enter a default judgment.

■ We find no abuse of discretion by the trial court and overrule appellant's two points of error.

The judgment of the trial court is affirmed.

The motion of the appellee requesting this court to assess penalties as provided under rule 435 and/or rule 438, T.R.C.P. is denied.

Publication. Tex.Civ.P.R. 452.