

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00092-CV

_____

ADRIANO KRUEL BUDRI, Appellant

V.

GREG PATRICK MCALLISTER AND JEREMY W. HAWPE, Appellees

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-348108-23

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Adriano Kruel Budri, acting pro se, appeals from the trial court's order awarding attorney's fees to Appellees Greg Patrick McAllister and Jeremy W. Hawpe as sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code. In three issues, which we treat as two,[1] Budri argues that (1) his due-process rights were violated because he did not receive proper notice of the sanctions hearing and (2) the record contains insufficient evidence to support the award of attorney's fees. We will affirm.

## I. BACKGROUND

Hawpe and McAllister are both business-employment attorneys. Hawpe is a shareholder in the Dallas office of Littler Mendelson, P.C., and McAllister is a former Littler shareholder. In 2017, while still employed by Littler, McAllister represented FirstFleet, Inc. and one of its employees in a lawsuit filed by Budri (the First Lawsuit).[2]

In a prior opinion, we summarized the operative facts giving rise to the First Lawsuit and the nature of Budri's claims as follows:

---

[1]*See Magellan Terminal Holdings, L.P. v. Vargas*, No. 13-19-00354-CV, 2021 WL 79351, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 7, 2021, no pet.) (mem. op.); *see also Espey v. Crown Mins. Co.*, No. 09-93-053-CV, 1994 WL 503969, at *3 (Tex. App.—Beaumont Sept. 15, 1994, writ dism'd by agr.) (not designated for publication) (treating separate points of error as a single complaint).

[2]Budri has not alleged—nor does the record suggest—that Hawpe was directly involved in the First Lawsuit.

For twenty-seven days in January 2017, Budri worked as a truck driver for FirstFleet.... [Daniel M.] Humphreys was his supervisor. On February 17, 2017, Humphreys sent an e-mail recommending Budri be dismissed based on multiple customer complaints, safety concerns, and serious company policy violations. FirstFleet terminated Budri's employment[,] and Budri filed [suit] asserting claims against Humphreys for libel and defamation based on Humphreys's February 17 e-mail.

*Budri v. Humphreys*, No. 02-18-00070-CV, 2018 WL 3763920, at *1 (Tex. App.—Fort Worth Aug. 9, 2018, pet. denied) (mem. op.).

McAllister, on Humphreys's behalf, filed a motion to dismiss the First Lawsuit under the Texas Citizens Participation Act (TCPA). *See id.* The trial court granted the motion, dismissed the First Lawsuit with prejudice, and awarded Humphreys $6,819 in attorney's fees. *Id.* Budri appealed the trial court's dismissal order; we affirmed. *Id.* at *5. Budri then attempted to appeal the trial court's TCPA ruling a second time, but we dismissed this purported second appeal for want of jurisdiction. *Budri v. Humphreys*, No. 02-20-00345-CV, 2020 WL 7393735, at *1 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (mem. op.).

In addition to his state-court litigation, Budri has also filed numerous federal administrative actions and lawsuits against FirstFleet. His combative litigation tactics have led to warnings, reprimands, and sanctions from various federal courts. Summarizing Budri's aggressive—and abusive—litigation campaign against FirstFleet, one federal magistrate judge observed:

Budri is no stranger to federal court. In particular, he has a long history of litigation involving his alleged wrongful termination by FirstFleet in 2017. *See, e.g.*, *Budri v. FirstFleet, Inc.*, 2021 WL 2351127, at *1 (5th Cir.

3

June 8, 2021) ("This is not the first time [the Court of Appeals] has considered Budri's grievances against FirstFleet stemming from his brief employment and subsequent termination in early 2017."). He has filed three other civil lawsuits against FirstFleet, *see Budri v. FirstFleet Inc.*, 3:17-cv-02945-C-BN, (N.D. Tex. Oct. 25, 2017); *Budri v. FirstFleet, Inc.*, 3:17-cv-03241-C-BN (N.D. Tex. Nov. 29, 2017); *Budri v. FirstFleet Inc.*, 3:19-cv-00409-E-BH (N.D. Tex. Feb. 19, 2019), and six administrative complaints with the Occupational Safety and Health Administration (OSHA) challenging the circumstances of his termination—the dismissals of which he appealed to federal court. *See Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 858 F. App'x 117, 119–122 (5th Cir. 2021); *see also Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 825 F. App'x 178, 180 (5th Cir. 2020); *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 764 F. App'x 431, 431–32 (5th Cir. 2019).

No court or administrative body has found that any of Budri's claims has merit. . . .

. . . .

In the past, Budri has boasted to FirstFleet's counsel of his prowess as a "pain in the neck" litigant. . . . And here, Budri continues his "wear them down" litigation strategy, which is "characterized by quantity, repetition, and obstinance, rather than quality, logic, and prudence, with little regard for legal requirements, efficiency, or conservation of resources." *Budri v. Admin. Rev. Bd.*, 858 F. App'x at 125.

*Budri v. FirstFleet Inc.*, No. 3:21-CV-1872-L-BT, 2021 WL 6496786, at *1 (N.D. Tex. Oct. 22, 2021). Because of Budri's bad-faith litigation strategy against FirstFleet, both the United States District Court for the Northern District of Texas and the Fifth Circuit Court of Appeals have restricted his ability to make future filings. *See Budri v. FirstFleet, Inc.*, 860 F. App'x 306, 307 (5th Cir. 2021); *Budri v. FirstFleet, Inc.*, No. 3:21-CV-1872-L-BT, 2021 WL 5629149, at *2 (N.D. Tex. Nov. 30, 2021) (order).

Having been effectively barred from taking any further legal action against FirstFleet, Budri trained his sights on its former attorneys. In November 2023, he filed this pro se lawsuit against McAllister and Hawpe.[3] In his 51-page petition, Budri alleged that McAllister and Hawpe had "caused [him] financial damages in excess of $6,819[] for unlawful . . . [a]ttorney's [f]ees requested and . . . awarded" in the First Lawsuit. In addition, he accused McAllister of fraud and claimed that he had reported this alleged fraud to numerous government agencies and officials, including the Tarrant County Criminal District Attorney's Office, the Tarrant County Judge, and the Texas Department of Public Safety.

McAllister and Hawpe filed an answer in which they generally denied Budri's allegations, asserted various affirmative defenses, and notified Budri of their intent to seek sanctions under Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code. Contemporaneously, they filed a motion to declare Budri a vexatious litigant and a Rule 91a motion to dismiss. They filed two separate notices setting both motions for in-person hearings on December 22, 2023, at 10:30 a.m.

On December 7, 2023, Budri sent the trial-court coordinator an email in which he acknowledged that he had received the two hearing notices. The following day,

---

[3]As noted, Budri did not allege that Hawpe was directly involved in the First Lawsuit. *See supra* note 2. Rather, it appears that Budri sued Hawpe merely because he was Littler's managing shareholder.

Budri filed a notice of nonsuit without prejudice. On December 11, 2023, the trial-court coordinator emailed Appellees' counsel and Budri and advised them that, notwithstanding Budri's notice of nonsuit, "the hearing set for Dec 22nd at 10:30am in-person will proceed forward on Defendant[s'] Motion for Sanctions."[4]

On December 22, 2023, the trial court held an in-person hearing on McAllister and Hawpe's request for sanctions.[5] Following the hearing, the trial court signed an order awarding McAllister and Hawpe $2,137.50 in attorney's fees as a sanction under Texas Civil Practice and Remedies Code Section 10.004. The trial court's order included detailed findings of fact supporting its determination that Budri's petition had been filed in bad faith and for the purpose of harassment.

Budri filed a number of post-judgment motions, including a motion to reconsider and a motion to vacate the sanctions order. He also requested findings of fact and conclusions of law under Rule 296. On January 19, 2024, the trial court signed an order denying Budri's post-judgment motions. This appeal followed.

---

[4]The phrase "Dec 22nd at 10:30am in-person" was highlighted in yellow in the trial-court coordinator's email.

[5]Budri did not order the reporter's record from this hearing, and it is thus not part of the appellate record.

## II. DISCUSSION

## A. Due Process

In his first issue, Budri contends that his due-process rights were violated because he did not receive adequate notice of the sanctions hearing.[6] We disagree.

We review a trial court's ruling on a motion for sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion by imposing sanctions on a party who has received inadequate notice of the sanctions hearing. *West v. Northstar Fin. Corp.*, 02-08-00447-CV, 2010 WL 851415, at *12 (Tex. App.—Fort Worth Mar. 11, 2010, pet. denied) (mem. op.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 10.003 (requiring notice of allegations and a reasonable

---

[6]In a supplemental brief, Budri argues—as a corollary to this issue—that the trial court erred by setting a hearing on Appellees' motion for sanctions before ruling on their motion to declare Budri a vexatious litigant because, according to Budri, the filing of the vexatious-litigant motion stayed the litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.052(a). But Section 11.052(a)'s plain language shows that it is intended to protect the defendant from having to file pleadings in response to a frivolous petition, not to protect the plaintiff (i.e., the allegedly vexatious litigant). *See id.* (providing that upon the filing of a vexatious-litigant motion, "the litigation is stayed and *the moving defendant* is not required to plead . . ." until the tenth day after the motion is denied or the tenth day after the motion is granted and the plaintiff furnishes written notice that he has furnished the required security (emphasis added)). Additionally, the sanctions order makes clear that but for Budri's notice of nonsuit, Appellees' vexatious-litigant motion would have been heard—and granted—contemporaneously with their sanctions motion on December 22, 2023. Thus, we cannot conclude that Budri was harmed by the trial court's holding a hearing on Appellees' sanctions motion without first deciding their vexatious-litigant motion. *Cf. Akinwamide v. Transp. Ins. Co.*, 499 S.W.3d 511, 519 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (reciting case's procedural history and noting that trial court had held contemporaneous hearing on appellee's vexatious-litigant and sanctions motions).

opportunity to respond); Tex. R. Civ. P. 13 (requiring notice and a hearing); *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 451 (Tex. App.—Fort Worth 2000, orig. proceeding) (reasoning that "proceedings for sanctions must comport with due process, affording a party an adequate opportunity to be heard").

Here, Budri asserts that he did not receive notice of the sanctions hearing. But the record says otherwise. As noted, the trial-court coordinator emailed Budri on December 11, 2023, advising him that, in light of his notice of nonsuit, the previously scheduled hearing set for December 22, 2023, would go forward solely with respect to McAllister and Hawpe's request for sanctions. In his briefing, Budri does not claim that he did not receive that email, and even if he did, his presence at the sanctions hearing would undermine any such claim.[7]

Thus, the record reflects that Budri received at least eleven days' written notice of the sanctions hearing. We cannot conclude that such notice was inadequate under the circumstances. *See Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007) (concluding that six days' notice of sanctions hearing under Section 10.003 of the Texas Civil Practice and Remedies Code was sufficient); *McFarland v. Szakalun*, 809 S.W.2d 760, 765 (Tex.

---

[7]Although Budri did not request the reporter's record from the sanctions hearing, both his appellate briefing and the sanctions order itself suggest that he was present at the hearing. In his brief, Budri discusses the evidence that Appellees' attorney offered at the sanctions hearing—thereby tacitly admitting that he was present. Additionally, the sanctions order recites that the trial court considered, among other things, the "arguments of the parties" in reaching its decision; this implies that Budri—who was acting pro se—was present at the hearing.

App.—Houston [14th Dist.] 1991, writ denied) (concluding that three days' notice of sanctions hearing was reasonable). Because Budri received adequate notice of the sanctions hearing, no abuse of discretion occurred.

We overrule Budri's first issue.

## B. Evidentiary Sufficiency

In his second issue, Budri contends that the record lacks sufficient evidence to support the amount of attorney's fees awarded to McAlister and Hawpe as sanctions. But because Budri failed to cause the sanctions-hearing reporter's record to be filed, we must presume that the proceeding was properly conducted and that any evidence presented to the trial court sufficed to support the judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *Yammine v. Taylor*, No. 02-21-00352-CV, 2022 WL 17494600, at *1 (Tex. App.—Fort Worth Dec. 8, 2022, no pet.) (mem. op.); *see also Sanadco Inc. v. Hegar*, No. 03-14-00771-CV, 2015 WL 4072091, at *2 (Tex. App.—Austin July 3, 2015, no pet.) (mem. op.) ("Without a reporter's record, we have no way to determine what evidence, if any, was adduced at the hearing and, therefore, whether the trial court abused its discretion. . . . We therefore assume the underlying proceeding was properly conducted and that sufficient evidence supported the trial court's decision."). Thus, by failing to arrange for a reporter's record, Budri waived any evidentiary-sufficiency challenges.[8] *See Yammine*, 2022 WL 17494600, at *1 (citing

---

[8]In his briefing, Budri references a trial court's mandatory duty to file findings of fact and conclusions of law upon a party's properly filed written request. *See* Tex.

9

*Duke v. Wilmington Sav. Fund Soc'y, FSB*, No. 02-19-00110-CV, 2019 WL 6768124, at

*3–4 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.)).

We overrule Budri's second issue.

### III. CONCLUSION

Having overruled both of Budri's issues,[9] we affirm the trial court's sanctions

order.[10]

---

R. Civ. P. 296, 297; *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). But even if we were to assume that Budri fairly raised a complaint about the trial court's failure to file findings of fact and conclusions of law despite Budri's written request, any such error was rendered harmless by Budri's failure to arrange for a reporter's record. *See Abouhatab v. ESW Towing, LLC*, No. 14-23-00027-CV, 2023 WL 8270994, at *3 (Tex. App.—Houston [14th Dist.] Nov. 30, 2023, no pet.) (mem. op.).

[9]Though not raised as a formal appellate issue, Budri contends that he has "absolute immunity" from any monetary sanctions because he initiated a grievance with the Texas State Bar against McAllister. But while Budri cites numerous authorities setting forth general First Amendment legal principles, he fails to cite—and we are not aware of—any authority supporting the fanciful proposition that initiating a bar grievance grants a party immunity from Chapter 10 sanctions. Thus, we reject Budri's absolute-immunity argument, and we further conclude that he has forfeited any issue based on this argument due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal."); *see also McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing).

[10]Similarly, without raising it as a formal appellate issue and without citing any authority other than general First Amendment principles or providing any substantive analysis, Budri asserts that Section 10.004 of the Texas Civil Practice and Remedies Code is unconstitutional because it "is a veiled act of . . . censorship." We conclude that Budri has likewise forfeited this issue due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Huey*, 200 S.W.3d at 854; *see also McKinnon*, 2018 WL 3849399, at *2–3.

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Delivered: February 13, 2025

---

[10]All pending motions are hereby denied.